IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIARHEI SIDAREVICH,

        Plaintiff,                    No. CIV S-08-2288 EFB

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.             <u>ORDER</u>
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. For the reasons discussed below, the court grants plaintiff's motion for remand, and remands this case for further proceedings consistent with this order.

I. <u>BACKGROUND</u>

        Plaintiff, born September 12, 1969, formally applied for SSI on October 27, 2005. Administrative Record ("AR") 56-63. Plaintiff's application alleged that he had been disabled since January 1, 2003 due to kidney problems, back and leg pain, hernia, insomnia, diabetes, and headaches. *Id.* at 20, 56, 74. The application was denied initially and upon reconsideration, and plaintiff requested an administrative hearing. *Id.* at 33-45. On June 7, 2007, a hearing was held before administrative law judge ("ALJ") Mark C. Ramsey. *Id.* at 344-67. Plaintiff had a non-

attorney representative and an interpreter at the hearing. *Id.*

The ALJ issued a decision on February 21, 2008, finding that plaintiff was not disabled.[1] *Id.* at 13-23. The ALJ made the following specific findings:

> 1. The claimant has not engaged in substantial gainful activity since October 27, 2005, the application date (20 CFR 416.920(b) and 416.971 *et seq.*).

>                              ***

> 2. The claimant has the following medically determinable impairments: a history [of] renal stones, a history of back pain, etiology unknown, a history of rectal prolapse and nephrolithiasis, and diabetes under good control (20 CFR 416.920(c)).

> 3. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 416.921).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. § 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits under both programs. *See* 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 and 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:
>   Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>   Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>   Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>   Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>   Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.
*Lester v. Chater,* 81 F.3d 821, 828, n.5 (9th Cir. 1995).
   The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

***

The claimant testified and reports in the record that he is unable to work as a result [of] chronic kidney stones, a hernia and colon problems. The claimant reports he suffers from chronic pain as a result of the above impairments. The claimant has undergone multiple surgeries for kidney stones . . . . In the US, he has undergone laser surgery. The claimant reports he has chronic weakness and dizziness secondary to his multiple surgeries. He also has pain and is able to walk for only 15 to 20 minutes before he must lie down because of pain. As a result of his hernia problem, he has abdominal pain. At times, his stomach is so tender he is unable to touch it.

The claimant reports he is right-hand dominant. He is married. He lives with his wife and three children. His wife works at Wal-Mart. The claimant reports he immigrated to the United States in September of 2004. He has not worked since moving to the United States. He has a 10th grade education. In the past, he has worked as a woodworker in a warehouse. He [has] also worked managing a water boiler at a water district. He stopped working because of his kidney stones.

The claimant reports his wife performs all of the household chores. He assists with cooking three times a week. Occasionally, once every one or two weeks, he shops with his wife at the store. He attends church once a week. He does not participate in recreational activities.

The claimant reports he takes Vicodin once or twice a day for pain. He also takes medications for rectal prolapse. The claimant reports he was on disability in his former country because of his kidney. He [has] undergone six surgeries. The claimant reports that because of his hernia, when he sits, his colon comes out and he experiences bleeding. He does not believe he can perform light work because of pain and weakness and the need to rest. The claimant also reports he has diabetes but this is under moderate control.

The claimant reported in a work history report that he has worked in the past as a shipping processor in a food store; a water boiler; and woodworker[.]

He also completed a headache questionnaire reporting he has headaches on a daily basis [which] last for up to three hours[.]

Clearly, if the undersigned were to find the above testimony of the claimant to be credible, a finding of disability would be directed. However, the claimant's subjective complaints, standing alone, do not provide a basis to find "disability," and the undersigned finds that the objective medical evidence, does not support the

3

> claimant's allegations of chronic pain, fatigue, weakness, bleeding, or problems standing. Rather, it appears that the claimant is exaggerating the degree of limitations and pain due to his impairments in order to obtain benefits.
>
> [The] determination [that] claimant is exaggerating symptoms is based upon the undersign[ed']s review of the medical records. While the record shows the claimant has received treatment for his alleged impairments, records show that treatment has been successful in treating his symptoms and there is no evidence of an impairment which would cause chronic pain, fatigue or pain as alleged by the claimant.
>
> The records document that two months after moving to the US, the claimant sought treatment reporting he required surgery for kidney stones. The claimant also reported a past history of diabetes, rectal problems, and horseshow kidneys and chest pain. An EKG was performed and was normal. Testing did not show evidence of any cardiac impairment[.] Testing confirmed evidence of kidney stones with the congenital deformity of horseshoe kidneys. Surgery was recommended. Prior to surgery, the claimant reported back pain which had gradually been worsening. Surgery, the removal of kidney stones was performed in August of 2005 and twice in September of 2005[.] There have been no other surgeries since 2005.
>
> Progress notes after surgery [] show that [] the claimant continued to complain of back pain and underwent a period of physical therapy in 2006. However, his pain does not appear to be of a degree which would restrict his ability to work for a consecutive 12 month period and there are no evidence of x-rays of the lumbar spine documenting an impairment which would cause the degree of pain that the claimant has alleged[.]
>
> The undersigned notes that the claimant has provided two Medical Assessment of Work Related Abilities (Physical) by treating physician Dr. Greenberg[.] In the first assessment which was completed in October of 2006, Dr. Greenberg reports that the claimant is unable to walk for even one hour total in an eight hour day, is unable to stand for more than two hours total of day and is unable to sit for more than four hours total because of frequent exacerbations of back pain which is aggravated by ambulation. He reports the claimant's diagnosis is chronic low back pain with a secondary diagnosis of rectal prolapse and nephrolithiasis. While Dr. Greenberg reports the claimant's back pain is probably due to degenerative spinal disease, he [did] not provide any objective medical findings in support of his assessment that the claimant is unable to walk stand or sit for more than one to four hours per day total. The undersigned gives this assessment no weight. There are no medical records or no medical findings provided in the assessment or the remaining records which support such severe

4

restrictions.

The more recent assessment by Dr. Greenberg is dated October 2007. On this date Dr. Greenberg diagnosed carpal tunnel syndrome with a secondary diagnosis of lumbar radiculopathy. He opines that the claimant is unable to walk for more than two to four hours total, less than one hour without interruption. He is unable to stand for more than two to four hours, less than one hour without interruption and is limited to sitting for six hours total. He also opined the claimant is able to lift 10 pounds occasionally, 5 pounds frequently and that the claimant has limited function of his left arm and hand. Again, Dr. Greenberg has failed to provide any objective medical findings in support of his diagnosis or assessment of limitations. Neither progress notes or the consultative exams show medical findings documenting evidence of carpal tunnel syndrome or lumbar radiculopathy. Therefore, again, no weight is given [] to this assessment.

In finding that the treating physician's assessments are unsupported, the undersigned notes the claimant has undergone two different consultative internal medicine evaluations and neither of these reports contain medical findings which would support Dr. Greenberg's diagnosis or assessed limitations. The first exam took place in August of 2007, the second in October 2007. The physician completing the assessments completed his own exam as well as reviewing the prior medical records. The claimant reported to this physician his medical history of kidney stones, congenital horse shoe kidney, back pain and nephrolithiasis. The undersigned notes that during [the] exam, there were no abnormal findings on exam of the claimant's back or abdomen. There were no abnormal findings in regards to his upper extremities and the physician notes that the claimant use his bilateral hand gestures while talking and was able to arise from a sitting position without the use of his upper extremities. He had no difficulty moving about the room [or] moving on or off the exam table. There was some tenderness [] in the right flank region without muscle spasms during the second exam. The doctor also noted that mild elevated creatinine levels on lab test indicated a mild decrease in real renal function. Following both examinations, the consultative physician exam of the claimant had no limitations in his ability to stand, walk, sit. There was also no evidence of an upper extremity impairment which affected the claimant's ability to lift, carry or manipulate objects. In the second exam, he noted the claimant had a prior history of horseshoe kidney's rectal prolapse, nephrolithiasis and is status post multiple surgical procedures to remove the stones.

It appears to the undersigned that if the claimant were experiencing the symptoms alleged there would have been some abnormal findings in the claimant's back or upper extremities. However there were none and the physician observed that the claimant was

> able to move about easily and did not appear to be in pain. Thus it appears that the treating physician's assessment of limitations due to pain are based upon the claimant's subjective complaints. The claimant has not required surgery since 2005. There are no X-rays or other testing verifying degenerative disc disease of the lumbar spine and the consultative physician'[s] exam did not show evidence of a severe musculoskeletal impairment. There is no testing or notations of medical findings in support of a diagnosis of carpal tunnel syndrome. The claimant's allegations of symptoms, standing alone, do not provide a basis to find disability.
>
> Thus, the undersigned finds that while the claimant has a history [of] renal stones, a history of back pain, etiology unknown, a history of rectal prolapse and nephrolithiasis, and diabetes under good control, the record does not show that he has been limited by the above impairments for a consecutive 12 month period and he remains capable of performing a full range of heavy work.
>
> 4. The claimant has not been under a disability, as defined in the Social Security Act, since October 27, 2005 (20 CFR 416.920(c), the date the application was filed.

*Id.* at 18-22.

Plaintiff requested that the Appeals Council review the ALJ's decision, and submitted additional evidence which was made part of the record. *Id.* at 6. However, on August 19, 2008, the Appeals Council denied review, leaving the ALJ's decision as the "final decision of the Commissioner of Social Security." *Id.* at 5-8. The Appeals Council found that the additional evidence did "not provide a basis for changing the [ALJ's] decision." *Id.* at 6.

## II. MEDICAL EVIDENCE

### A. Evidence Before the ALJ

Plaintiff has a known horseshoe kidney, underlying renal insufficiency, and diabetes, and has had a history of treatment and surgery for recurrent kidney stones since 1987. *Id.* at 141, 156, 161, 164, 358-59. In September 2005, Michael Kuo, M.D., and Kiran Jain, M.D., opined that plaintiff has a "horseshoe kidney showing an extensive right-sided staghorn calculi," a minor bulging of a portion of the stomach; a right renal hypodense legion at the posterior lip of the renal hilum; a mildly swelling large bowel of unknown etiology; and occasional diverticula and small hiatal hernia. *Id.* at 179. They also noted that plaintiff had "age-related mild

6

degenerative changes of the spine." *Id.*

On September 15, 2005, urologist Roger K. Low, M.D., successfully performed surgery by removing 75% of the kidney stones, and discharged plaintiff two weeks later. *Id.* at 148-49. In November 2005, Dr. Low noted that plaintiff indicated he had been feeling better since the procedures, and that plaintiff "still has some right-sided pain but it has decreased in nature." *Id.* at 140. His vital signs were normal and he was not in acute distress. *Id.* Dr. Low told plaintiff to return in 6 months to assess whether it would be necessary to remove remaining stones. *Id.* Thereafter, plaintiff underwent a period of physical therapy for low back pain in 2006. *Id.* at 256-75.

In May 2006, state agency physician P. Suster, M.D., reviewed the medical records and opined that plaintiff had no limitations. *Id.* at 228-35. Dimitry Zilber, M.D., saw plaintiff for follow-up visits and prescriptions from August 2006 to April 2007. *Id.* at 237-51. Examination findings in August and October 2006 were largely normal, with no musculoskeletal anomalies, except for a diagnosis of rectal prolapse. *Id.* at 244-45, 255.

In September 2006, Dr. Zilber noted that plaintiff's kidney status was "stable," and told him to return in 2 months. *Id.* at 247. Subsequently, Dr. Zilber saw plaintiff every 2 months for follow-up visits. *Id.* at 237-47. In October 2006, Dr. Zilber completed a form in which he opined that plaintiff had extensive limitations due to frequent exacerbation of low back pain since 1985, and post-surgical ventral hernia. *Id.* at 286-89. In addition, Dr. Zilber stated that plaintiff probably had degenerative spinal disease. *Id.* at 287. He limited plaintiff to one hour of walking, two hours of standing, and two to four hours of sitting; stated lifting would be limited; and stated that plaintiff's overall capacity was less than sedentary because of his inability to sustain sitting, standing, or walking for eight hours. *Id.* at 286-89. In December 2006, Dr. Zilber sent plaintiff for evaluation for possible rectal prolapse surgery. *Id.* at 242.

In August 2007, Jenna Brimmer, M.D., performed a comprehensive internal medicine evaluation, but did not have any supporting medical records to review. *Id.* at 293-97. Plaintiff

complained of kidney stones, but could not state how frequently they occurred, and denied any other medical problems. *Id.* at 293-94. Dr. Brimmer made normal findings on examination. *Id.* at 295-96. She noted that 2007 X-rays still showed kidney stones and that plaintiff required surgery in the past. *Id.* at 297. Plaintiff, however, was now taking only Vicodin and an antibiotic. *Id.* Dr. Brimmer diagnosed kidney stones (nephrolithiasis) with intermittent recurrent symptoms, but concluded that plaintiff had no limitations. *Id.* An attached assessment form showed plaintiff only able to sit, stand, or walk for two hours at a time without interruption, and able to sit, stand, or walk for a total of eight hours in an eight hour week day. *Id.* at 299.

In an October 9, 2007 assessment, Vladimir Rafanov, M.D., diagnosed plaintiff with carpal tunnel syndrome with a secondary diagnostic of lumbar radiculopathy based on an abnormal nerve conduction study. *Id.* at 306. Dr. Rafanov opined that plaintiff was limited to two to four hours of walking and standing, but in less than one hour intervals, and four to six hours of sitting in one to two hour intervals, and he gave plaintiff an overall less-than-sedentary capacity. *Id.* at 308-10.

In November 2007, Dr. Brimmer reviewed plaintiff's medical records and performed a second comprehensive internal medicine evaluation. *Id.* at 314-18. Dr. Brimmer recognized that plaintiff required "chronic antibiotics" and Vicodin for his pain. *Id.* at 317. The record indicated, in particular, that plaintiff's creatinine was only mildly elevated, which was consistent with "only mild decrease in his renal function." *Id.* at 317. She again noted the intermittent nature of plaintiff's symptoms and concluded that plaintiff had no limitations. *Id.* at 317-18.

B. Additional Evidence Submitted to the Appeals Council

On May 13, 2008, plaintiff submitted additional medical evidence to the Appeals Council, which the Appeals Council included in the record. *Id.* at 8, 326-43. Specifically, he submitted the October 9, 2007 assessment by Dr. Rafanov, *id.* at 328; an April 28, 2008 opinion by Arnold Greenberg, M.D., based on back X-rays and a renal ultrasound, that plaintiff had moderate degenerative disc disease, bilateral kidney stones, and urinary tract obstruction on the

8

right, *id.* at 334, 339; and a January 25, 2008 opinion by Dr. Greenberg, noting that a renal ultrasound showed bilateral nephrolithiasis, hydronephrosis on the right, and abnormal renal parenchyma on the right. *Id.* at 339.

III. <u>ISSUES PRESENTED</u>

Plaintiff contends that remand is necessary (1) for consideration of plaintiff's new evidence, (2) because the ALJ improperly denied the claim at Step Two of the analysis despite the existence of medically sever impairments, (3) because the CE imposed limitations that the ALJ did not consider, (4) because the decision violated the treating physician rule, and (5) because the decision wrongly assessed plaintiff's credibility.

IV. <u>LEGAL STANDARDS</u>

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Evidence considered by the Appeals Council in denying a decision becomes part of the administrative record for review by this court. AR at 6; *see also Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993) ("[W]e consider the rulings of both the ALJ and the Appeals Council. Although the ALJ's decision became the Secretary's final ruling when the Appeals Council declined to review it, the government does not contend that the Appeals Council should not have considered the additional report submitted after the hearing, or that we should not consider it on appeal. Moreover, although the Appeals Council 'declined to review' the decision of the ALJ, it reached this ruling after considering the case on the merits; examining the entire record, including the additional material; and concluding that the ALJ's decision was proper and that the additional material failed to 'provide a basis for changing the hearing decision.' For these reasons, we consider on appeal both the ALJ's decision and the additional material submitted to the Appeals Council."); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (stating that the court may consider additional materials because the Appeals Council addressed them in denying plaintiff's request for review).

## V. ANALYSIS

Plaintiff argues, *inter alia,* that the new evidence presented to the Appeals Council, including x-rays showing moderate degenerative spinal disease and an electrodiagnostic study showing lumbar radiculopathy, demonstrates that the ALJ erred in disregarding the assessments of plaintiff's treating physicians. Dckt. No. 14 at 6-7. Plaintiff further contends that the ALJ erred by denying his claim at step two, without properly considering the opinions of plaintiff's treating physicians. *Id.*

Defendant counters that the ALJ properly considered the record as a whole and properly concluded that plaintiff did not have any severe conditions that lasted at least 12 months, and that the Appeals Council properly found that plaintiff's new evidence did not call that finding into question. Dckt. No. 15 at 5-8. According to defendant, the ALJ properly found that plaintiff's kidney stones were under control, and plaintiff's other problems, including his lower

back pain, carpal tunnel, and rectal prolapse, were not severe. *Id.*

"The step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. *Bowen*, 482 U.S. at 153. At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). A severe impairment significantly limits a person's physical or mental ability to do basic work activities and lasts "for a continuous period of not less than 12 months." *Id.*; 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 416.905 (impairment must last or be expected to last at least 12 months), 416.909, 416.920(a)(4)(ii). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citing Social Security Ruling ("SSR") 96-3p (1996)). If a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis. 20 C.F.R. § 404.1523. The ALJ "must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone [i]s sufficiently severe." *Smolen*, 80 F.3d at 1290; 20 C.F.R. § 404.1523.

Here, the ALJ found that plaintiff did not have a severe impairment or combination of impairments at step two of the sequential analysis and therefore concluded that plaintiff was not disabled. AR at 18-22. In doing so, the ALJ found that plaintiff's testimony regarding his pain and limitations was not credible and was not supported by the objective medical evidence, which according to the ALJ, demonstrated that treatment for plaintiff's alleged impairments has been successful in treating his symptoms. *Id.* Although the ALJ noted that progress notes after plaintiff's kidney stone surgery showed that plaintiff "continued to complain of back pain," the ALJ found that the pain was not of a degree which would restrict his ability to work for a

11

consecutive twelve month period. Specifically, the ALJ noted that there were no "x-rays of the lumbar spine documenting an impairment which would cause the degree of pain that the claimant has alleged." *Id.*

The ALJ also noted that plaintiff's treating physician found in October 2006 that plaintiff had significant limitations in his abilities to walk, stand, and sit, due to frequent exacerbations of back pain which is aggravated by ambulation, and found that the back pain was probably due to degenerative spinal disease. However, the ALJ specifically stated that because the treating physician did not provide any "objective medical findings in support of his assessment," the ALJ gave the assessment no weight at all. *Id.*

The ALJ also gave no weight to an October 2007 assessment by plaintiff's treating physician who diagnosed plaintiff with carpal tunnel syndrome and lumbar radiculopathy, and who found that plaintiff would be limited in his abilities to stand, walk, and sit. Again, the ALJ rejected the assessment because it was not supported by "objective medical findings." Specifically, the ALJ pointed out that there were no "medical findings documenting evidence of carpal tunnel syndrome or lumbar radiculopathy." *Id.*

The ALJ then noted that neither of the two consultative internal medicine evaluations of plaintiff contained medical findings which would support the treating physicians' diagnoses or assessed limitations, and that if plaintiff were experiencing the symptoms he alleged, there would have been some abnormal findings in the claimant's back or upper extremities. *Id.* He concluded that the treating physicians' assessments were based upon plaintiff's subjective complaints, which the ALJ found did not provide a basis for finding disability.

In other words, the ALJ's analysis, including his discrediting of the opinions of plaintiff's treating physicians, was based on a lack of objective medical findings. However, plaintiff submitted to the Appeals Council, and the Appeals Council made part of the record, electrodiagnostic and imaging evidence of significant objective lumbar problems, including radiculopathy, bilateral carpal tunnel syndrome, and ongoing kidney problems. He submitted an

12

electrodiagnostic study by Dr. Rafanov, dated October 9, 2007, showing bilateral carpal tunnel syndrome and lumbar limitations due to radiculopathy (supporting Dr. Rafanov's October 2007 assessment, which the ALJ disregarded as unsupported). AR 328. He also submitted April 2008 and January 2008 reports from Dr. Greenberg finding moderate degenerative disk disease and bilateral nephrolithiasis, as well as supporting back x-rays and a renal ultrasound (supporting the October 2006 treating physician assessment that plaintiff's back pain was likely due to degenerative spinal disease, which the ALJ disregarded as unsupported). *Id*. at 334-41. This evidence supports the treating physicians' assessments and suggests that the ALJ's rejection of those assessments is not supported by substantial evidence in the record. *See Ramirez*, 8 F.3d at 1453 ("In disability cases, greater weight is afforded to the opinion of a treating physician than to that of non-treating physician, because the treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. When another doctor's opinion contradicts the opinion of a treating physician, the Secretary can disregard the latter only by setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.") (internal citations and quotation marks omitted). Whether there might be some other unstated reason for discounting the treating physicians findings as to the severity of plaintiff's condition and resulting pain, absence of objective medical findings cannot be a legitimate reason on this record.

Although defendant contends that the new evidence does not support a finding that plaintiff had any of the impairments for a consecutive twelve month period, the record reveals that plaintiff has suffered from nephrolithiasis since 1987 and has been complaining of back pain since at least 2006. Although surgery in 2005 removed 75% of plaintiff's kidney stones, the August 2007 consultative examination noted that x-rays still showed kidney stones, plaintiff was taking the prescription pain killer, Vicodin, and an antibiotic for this condition, and in August and December 2007, the consultative examiner found that plaintiff would have intermittent symptoms relating to his kidney stones. Additionally, with regard to plaintiff's back pain, the

ALJ noted that plaintiff underwent physical therapy in 2006 for back pain, his treating physicians noted plaintiff's back pain and opined that plaintiff likely suffered from degenerative disk disease, new x-rays showed moderate degenerative disease, and the new electrodiagnostic study showed lumbar radiculopathy.  As plaintiff argues, all of this at least raises "*ambiguity about severity*" and justifies remand for consideration of the new evidence.

Here, because the ALJ's rejection of plaintiff's treating physicians' opinions was based on a perceived lack of objective evidence, and plaintiff presented such evidence to the Appeals Council, the rejection of those opinions at the step two stage cannot be said to be supported by substantial evidence.  The new evidence was not before the ALJ, and accordingly, the undersigned will remand this action so that the ALJ can consider the new evidence in conjunction with the treating physicians' opinions in evaluating whether plaintiff's impairments are severe within the meaning of 20 C.F.R. § 404.1520(c).  *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) ("While we properly may consider the additional evidence presented to the Appeals Council in determining whether the Commissioner's denial of benefits is supported by substantial evidence, it is another matter to hold on the basis of evidence that the ALJ has had no opportunity to evaluate that Appellant is entitled to benefits as a matter of law. The appropriate remedy in this situation is to remand this case to the ALJ; the ALJ may then consider, the Commissioner then may seek to rebut and the VE then may answer questions with respect to the additional evidence.").[2]

## VI. CONCLUSION

For the reasons stated above, the court finds that the ALJ's decision is not supported by substantial evidence in the record.  Therefore, IT IS ORDERED that:

1. Plaintiff's motion for remand is granted.

////

---

[2] In light of this remand, the court does not reach the remainder of plaintiff's arguments.

14

2. The Commissioner's cross-motion for summary judgment is denied.

3. This action is remanded to the Social Security Administration for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk is directed to enter judgment for plaintiff.

DATED: March 31, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE